UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID VAN ELZEN, individually and
on behalf of all others similarly situated,

          Plaintiff,

          v.                                          Case No. 22-C-840

CODY ASKINS LLC,
8 PERCENT NATION LLC, and
CODY ASKINS,

          Defendants.

## ORDER GRANTING MOTION FOR CHANGE OF VENUE

On July 24, 2022, Plaintiff David Van Elzen filed a class-action complaint against Defendants Cody Askins, LLC, 8 Percent Nation, LLC, and Cody Askins, alleging that in April 2022, he started receiving unwanted telephone calls, including a pre-recorded telephone call—or robocall—from Defendants in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227. Compl., Dkt. No. 1, ¶¶ 24–29. Specifically, Van Elzen alleges that after answering one of those calls, he was greeted by a robocall "soliciting [him] to participate in the 'Ultimate Agent Contest'" and that the person who recorded the message identified himself as Askins. *Id.* at ¶ 27. The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Presently before the court is Defendants' motion to transfer venue pursuant to the forum selection clause contained in the terms and conditions that Van Elzen allegedly agreed to as a condition of entering the contest. For the following reasons, the motion will be granted.

Under 28 U.S.C. § 1404, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might

have been brought *or to any district or division to which all parties have consented.*" 28 U.S.C. § 1404(a) (emphasis added). "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in the clause." *Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Texas*, 571 U.S. 49, 62 (2013); *see also In re Ryze Claims Solutions, LLC*, 968 F.3d 701, 704–05 (7th Cir. 2020). "Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Atl. Marine Constr. Co.*, 571 U.S. at 62.

The defendants' motion to transfer venue is supported by the declaration of Cody Askins, made under penalty of perjury pursuant to 28 U.S.C. § 1746. Askins states in his declaration that Van Elzen "completed a call-to-action that appeared in an online form to enter 'The Ultimate Agent Contest,' and provided his phone number as a result." Askins Decl., ¶ 3, Dkt. No. 18-2. Askins attached to his declaration a true and accurate copy of the online form Van Elzen completed, along with the terms and conditions to which the form linked. *Id.* at ¶¶ 4–5. The online form states that "by clicking 'Apply Now!' you agree to our terms and conditions." *Id.* at ¶ 5 (citing Dkt. No. 18-2 at 4). Upon clicking the "terms and conditions" link, the applicant is taken to a webpage that lists them. *Id.* (citing Dkt. No. 18-2 at 5–6). Relevant to this dispute is the last provision of the contest's "terms and conditions," titled "Jurisdiction and Venue," which states:

> In the event that there is a dispute relating to the contest in any way, *said dispute shall be brought solely in the district court or federal courts of Greene County, Missouri* and shall be governed by and construed in accordance with the laws of the state of Missouri.

*Id.* (citing Dkt. No. 18-2 at 6) (emphasis added). Based on this forum selection clause, the defendants contend that venue must be transferred to the United States District Court for the Western District of Missouri.

2

Van Elzen does not dispute the validity or effect of the forum selection clause on participants in "The Ultimate Agent Contest." Instead, he argues that the clause is unenforceable because there is no evidence that he "ever visited any website regarding The Ultimate Agent Contest, completed a form to enter the contest, or otherwise agreed to the contest's terms and conditions." Pl.'s Resp. at 1, Dkt. No. 20. Van Elzen contends that the defendants' motion "is predicated exclusively on a self-serving declaration from Defendant Cody Askins who conclusorily declares 'Plaintiff completed a call to action' and then asserts that the *blank* webform attached to the declaration is a business record maintained in the ordinary course of Defendants' business." *Id.* at 2 (emphasis in original). Citing *Latino Food Marketers, LLC v. Ole Mexican Foods, Inc.*, Case No. 03-C-0190-C, 2003 WL 23220141 (W.D. Wis. Nov. 24, 2003), Van Elzen argues that on this record, the defendants' motion should be denied.

*Latino Food Marketers* is inapposite. In that case, following an evidentiary hearing, the court ruled that the forum selection clause at issue in that case did "not come into play and that venue is proper in this court" because there was no "evidence showing that the parties intended to be bound by the terms of the contract." *Id.* at *9. Unlike this case, the plaintiff in *Latino Food Marketers* denied that any contract existed, thereby creating an issue of fact that the court resolved based on the testimony and other evidence submitted by the parties. *Id.* at *1. It found that no contract had been formed. In this case, in contrast, no factual dispute has been shown to exist. Van Elzen has not denied that he entered into a contractual agreement by filling out the internet form for the "Ultimate Agent Contest." His argument, instead, is that the defendants have not met their burden to establish the existence of a contract between the parties because Cody Askin's declaration is "self-serving" and "conclusory."

3

The fact that a declaration or affidavit as self-serving, however, is not a reason for disregarding it. *See Navejar v. Iyiola*, 718 F.3d 692, 697–98 (7th Cir. 2013) (reversing summary judgment based on error discounting party's affidavit as "self-serving"); *accord, e.g.*, *Hill v. Tangherlini*, 724 F.3d 965, 967 & n. 1 (7th Cir. 2013) (expressly overruling contrary holdings); *Darchak v. City of Chicago Bd. of Educ.*, 580 F.3d 622, 631–32 (7th Cir. 2009); *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006). And while Askins does conclude in his declaration that Van Elzen agreed to the terms and conditions, that does not make his declaration conclusory. The word "conclusory" is used to refer to "a conclusion or assertion for which no supporting evidence is offered." *Merriam-Webster's Collegiate Dictionary* 239 (10th ed. 1999). Askins offered more than a conclusion that Van Elzen agreed to the terms and conditions. He provided copies of the online application and the terms and conditions, and then explained, based on his personal knowledge, how one who applies to participate in The Ultimate Agent Contest necessarily agrees to the terms and conditions as a condition of applying.

This evidence is sufficient to support a finding that Van Elzen agreed to the terms and conditions. *See Forby v. One Technologies, LP*, Case No. 15-0757-DRH-PMF, 2016 WL 11746078, at *7 (S.D. Ill. March 25, 2016) ("The Court finds that One Technologies' website and sign-up process provided sufficient notice to consumers that, by completing the sign-up process, they would be bound by One Technologies' Terms and Conditions."). In the absence of any evidentiary submission by Van Elzen to the contrary, the court concludes that Van Elzen agreed to, and is bound by, the terms and conditions. *See, e.g.*, *Circle Grp. Internet, Inc. v. Atlas, Pearlman, Trop & Borkson, P.A.*, No. 1- C-7338, 2002 WL 1559637, at *3 (N.D. Ill. July 16, 2002) (granting transfer of venue, crediting allegations made in the defendants' affidavits and noting that the plaintiff "does not present any evidence to the contrary").

Accordingly, based on the record before the court, the defendants' motion to transfer venue is GRANTED. Venue is hereby transferred to the United States District Court for the Western District of Missouri.

**SO ORDERED** at Green Bay, Wisconsin this 5th day of December, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
